UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

BINZHIYUAN
(HONG KONG) PAPER PRODUCTS
LIMITED.

   Plaintiff,

 v.

CHANGBIN XI and
GUANGZHOUMEINIDENG-
GUANGSHEBEIYOUXIANGONGSI

   Defendant.

Case No. _____

Hon. _____

JURY TRIAL DEMANDED

# COMPLAINT

Plaintiff BINZHIYUAN (HONG KONG) PAPER PRODUCTS LIMITED. brings this Complaint against Defendant CHANGBIN XI. Plaintiff alleges as follows:

## PARTIES

1. Plaintiff is a Hong Kong company with the address Room 02, 21/F, Hip Kwan Commercial Building 38 Pik Street, Yau Ma Tei Kowlo on 999077 Hong Kong. Plaintiff is an online merchant and operates the Amazon

1

store DREAMTRUE. Plaintiff's Amazon seller page is available at the URL https://www.amazon.com/sp?ie=UTF8&seller=ANCP8VKXLH6PW.

2. Defendant Changbin Xi ("Xi") is an individual and the owner of U.S. Design Patent No. D1,022,239 entitled FACIAL MASSAGER ("the '239 Patent"). A copy of the '239 Patent is attached as Exhibit 1.

3. Defendant GUANGZHOUMEINIDENGGUANGSHEBEIYOUXIANGONGSI ("GUANGZHOU") is an online merchant that operates the Amazon store HEREHERE. GUANGZHOU's Amazon seller page is available at the URL: https://www.amazon.com/sp?seller=A33T88KX7PS6NW.

4. Defendant Xi is the principal of GUANGZHOU.

5. Both Plaintiff and Defendant sell facial massagers, among other things, on Amazon.

**JURISDICTION AND VENUE**

6. This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This court therefore has federal question jurisdiction over this action under 28 U.S.C. § 1331.

7. This Court may properly exercise personal jurisdiction over Defendants because Defendant Xi individually or through his role as principal of

GUANGZHOU and GUANGZHOU target consumers in the United States, including Michigan, by selling facial massagers online.

8. Exhibit 2 shows a product listing for Defendant GUANGZHOU's facial massager. Exhibit 3 shows Amazon's checkout page indicating Defendant GUANGZHOU and/or Defendant Xi, individually or through Defendant GUANGZHOU is ready, willing, and able to ship its facial massager to Bingham Farms, MI, which is within this District.

9. By operating its Amazon store and offering products for sale and delivery to an address in this District, Defendant Xi individually or through Defendant GUANGZHOU and Defendant GUANGZHOU intend to do business with, and solicit the business of United States citizens, and in particular, Michigan residents. As a result, Defendants purposefully direct their activities to residents of this forum.

10. Defendants' sale of their facial massagers is central to the events and omissions giving rise to this action because the facial massagers compete with Plaintiff's Accused ASINs and because, on information and belief, Defendants' attempt to stop Plaintiff's sales of the Accused ASINs is in furtherance of its own sales of its facial massager.

11. Venue is proper under at least 28 U.S.C. § 1391(c)(3) as neither defendant resides in the United States.

3

## ACTUAL CONTROVERSY

12. In 2024, Defendant Xi, though Amazon, alleged that two of Plaintiff's facial massager product listings infringe the '239 Patent. The products were sold under the ASIN (Amazon Standard Identification Number) B0CZ79889Q and B0CSYS9CVR (together, "Accused ASINs"). A copy of Defendant's communication to Amazon is attached as Exhibit 4.

13. As a result of Defendant Xi's allegations, Amazon deactivated the Accused ASINs and Plaintiff was unable to sell its facial massagers.

14. Plaintiff and Defendant reached a limited business resolution and Plaintiff continued to sell its facial massagers for a short time.

15. Thereafter, Defendant again alleged that the Accused ASINs infringed the '239 Patent, and Amazon again deactivated the Accused ASINs, which remain inactive to the present.

16. Defendants' actions and communications give rise to a justiciable controversy at least regarding Defendant's right or lack thereof to preclude Plaintiff from selling its facial massagers, and Plaintiff's right to compete in the free market free of any allegation that such competition constitutes an infringement of Defendants' alleged patent rights in the '239 Patent.

17. Plaintiff has been harmed by Defendant's allegations because it has been wrongfully precluded from selling its facial massager on the free market.

## COUNT I – DECLARATORY JUDGMENT OF INVALIDITY – '239 PATENT

18. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

19. Defendants have created a present and actual controversy between themselves and Plaintiff concerning the matter of whether the '239 Patent is valid and enforceable by accusing Plaintiff of infringing the '239 Patent, and with said accusations causing Amazon to deactivate Plaintiffs Accused ASINs.

20. As a justiciable controversy exists by way of the credible threat of infringement of the '239 Patent and request for Amazon to deactivate the Accused ASINs, which Amazon did, Plaintiff seeks relief from this Court.

21. Plaintiff is entitled to request a declaratory judgment that the '239 Patent is invalid.

22. The '239 Patent was filed on September 7, 2023.

23. Before the '239 Patent was filed, at least two nearly identical facial massagers were available for sale on Amazon.

24. A screenshot of a prior art product listing from the store Bestauty is attached as Exhibit 5. As shown therein, the Bestauty product was available as early as August 2, 2022.

25. A screenshot of another prior art product listing from the store BeautyGym is attached as Exhibit 6. As shown therein, the BeautyGym product was available as early as October 6, 2020.

26. The Bestauty and BeautyGym products constitute prior art to the '239 Patent at least under 35 U.S.C. § 102(a).

27. Attached as Exhibit 7 is Chinese Patent No. 305951923 ("the '923 Patent"), which was filed on April 2, 2020. The '923 Patent is prior art to the '239 Patent at least under 35 U.S.C. § 102(a).

28. Shown below is a comparison of the Bestauty product (left), the BeautyGym product (center), the '923 Patent design (right), and the '239 Patent design (bottom).



**Bestauty**   **BeautyGym**   **'923 Patent**



**'239 Patent, Exhibit 1, Figs. 1, 6**

29. The design of the '239 Patent is substantially the same as the design of the Bestauty product, the BeautyGym product, and/or the '923 Patent from the eye of an ordinary observer.

30. Alternatively or additionally, the design of the '239 Patent is obvious in view of the Bestauty product, the BeautyGym product, and/or the '923 Patent.

## PRAYER FOR RELIEF

Plaintiff prays for the entry of a judgment against Defendants as follows:

A. Holding that the '239 Patent is invalid;

B. Enjoining Defendants from attempting to cite the invalid '239 Patent to Amazon as a reason that Accused ASINs should not be sold;

C. Awarding Plaintiffs all costs and expenses to the extent permitted by law; and

D. Awarding such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: March 12, 2025                                   Respectfully submitted,

                                                             **EVIA LAW PLC**

                                                             /s/ Jessica Fleetham
                                                             Jessica Fleetham (P81038)
                                                             32400 Telegraph Ste. 103
                                                             Bingham Farms, MI 48025
                                                             248.243.1201
                                                             jessica@evialaw.com

                                                             *Attorneys for Plaintiff*