UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Binzhiyuan (Hong Kong) Paper Products Limited,

          Plaintiff,

v.

Changbin Xi, *et al.*,

          Defendants.

_____/

Case No. 25-10716

Judith E. Levy
United States District Judge

Mag. Judge Curtis Ivy, Jr.

## OPINION AND ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR ALTERNATIVE SERVICE BY EMAIL [3]

Before the Court is Plaintiff Binzhiyuan (Hong Kong) Paper Products Limited's ex parte motion for alternative service by email. (ECF No. 3.) Plaintiff alleges that Defendant Changbin Xi ("Xi") and Defendant Guangzhoumeinidengguangshebeiyouxiangongsi ("Guangzhou") are or purport to be residents of China. (*Id.* at PageID.55.)

Plaintiff requests permission to serve Defendants by email pursuant to Federal Rule of Civil Procedure 4(f)(3). Federal Rule of Civil Procedure 4(f) describes requirements for service on an individual in a

foreign country.[1] Rule 4(f)(1) permits service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Rule 4(f)(2) "provides options to the party serving process when internationally agreed process methods are not intended to be exclusive or when no international agreement is applicable, as would be true, for example, when service is to be made in a nation that is not a signatory to the Hague Convention." 4B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1133 (4th ed.). Finally, Rule 4(f)(3) states that such an individual may be served "by other means not prohibited by international agreement, as the court orders."

District courts have "wide discretion" under Rule 4(f)(3) "to fit the manner of service to the facts and circumstances of a particular case." *BBK Tobacco & Foods, LLP v. Gooshelly*, 613 F. Supp. 3d 1012, 1014 (E.D. Mich. 2020) (quoting *U.S. Commodity Futures Trading Comm'n v.*

---

[1] Federal Rule of Civil Procedure 4(h) states that a foreign corporation, if served "at a place not within any judicial district of the United States," may be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Because Xi is alleged to be the principal of Guangzhou, the Court will discuss service on Guangzhou and Xi together.

*Majestic Enters. Collision Repair, Inc.*, No. 4:10 CV 2287, 2011 WL 767890, at *3 (N.D. Ohio Feb. 28, 2011)). In order for service to be proper under Rule 4(f)(3), "the mode of service [must] not be prohibited by international agreement" and must "comport[] with due process, i.e, [] it is reasonably calculated to give notice to the defendant." *Id*.

> According to Plaintiff,
>
> Plaintiff has communicated with Defendant Xi individually and on behalf of guangzhou by email recently and therefore expects that it can successfully notify Defendants of this lawsuit by email. On the other hand, Plaintiff is unsure if service to the address guangzhou reported to Amazon will result in notifying Defendants because that address appears to be incorrect.

(*Id.*; *see also* ECF No. 3-3 (Declaration of Plaintiff's legal representative, who states that he has communicated with Xi through email, and that a search for Chinese address listed on Defendant's Amazon seller page "returned no match for the address nor were navigation instructions available to the address").) In light of Plaintiff's representations, Defendants' available address appears to be invalid and service by email to Xi in his individual capacity and as principal of Guangzhou is appropriate.

District courts in this Circuit have held that service through email is not prohibited by international agreements such as the Hague

3

Convention.[2] *See Noco Co., Inc. v. Zhejiang Quingyou Elec. Com. Co.*, No. 1:20CV1170, 2021 WL 374617, at *4 (N.D. Ohio Feb. 3, 2021) (collecting cases); BBK Tobacco & Foods, LLP, 613 F. Supp. 3d at 1015. *But see Peanuts Worldwide LLC v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, 347 F.R.D. 316, 329–30 (N.D. Ill. 2024) (noting that the Hague Convention, which was adopted in 1965, "neither authorizes nor prohibits service by email," that this silence has been interpreted by some courts as a prohibition, and that "[n]o Circuit Court of Appeals has yet directly addressed these relatively complex questions").

Additionally, courts have approved service by email for similar circumstances, i.e., when the available physical address is invalid, and the defendants conduct their business online. *See BKK Tobacco & Foods, LLP*, 613 F. Supp. 3d at 1014–15 (approving service by email to Chinese company when physical Chinese addresses are invalid, "with the proviso that the service emails be sent with a read-receipt or third-party confirmation of receipt"); *Noco Company, Inc.*, 2021 WL 374617, at *4 (permitting service through Amazon's Message Center); *Versah, LLC v.*

---

[2] China and the United States are both signatories to the Hague Convention.

*Ul Amin Indus.*, No. 220CV12657TGBRSW, 2020 WL 6198472, at *4–5 (E.D. Mich. Oct. 22, 2020).

For the reasons set forth above, Plaintiff's ex parte motion for alternative service by email is GRANTED. Plaintiff's email must include a read-receipt or third-party confirmation of receipt. *See BBK Tobacco & Foods, LLP*, 613 F. Supp. 3d at 1015.

IT IS SO ORDERED.

Dated: March 20, 2025              s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                                             United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 20, 2025.

                                             s/William Barkholz
                                             WILLIAM BARKHOLZ
                                             Case Manager